PER CURIAM.
Pollock obtained a money judgment against T & M Investments, Inc. (T & M). In order to satisfy a writ of execution, he then instituted an action against T & M and Morton (as an officer of T & M and beneficiary of a trust holding the property sought to be executed upon) seeking to set aside a fraudulent conveyance from T & M to Flagship First National Bank of Miami Beach (Bank). Pollock prevailed and an order was entered requiring the Bank, as trustee, to execute a warranty deed in favor of T & M. Morton appealed and filed a supersede-as bond in the amount of $25,000 for which Aetna was the surety. The trial court’s order was affirmed here. Morton v. Pollock, 386 So.2d 1327 (Fla. 3d DCA 1980).
Subsequently, Morton filed a suit against the trustee of T & M, Pollock and the Bank to impress an equitable lien upon the property which was the subject of the second lawsuit. During these proceedings, the parties by agreed order stipulated that the Bank could satisfy its obligation under the judgment in the second case by delivering a quit-claim deed into the court registry. Thereupon, the Bank complied with the court order.
Pollock then sought to obtain payment of the supersedeas bond in order to satisfy the money judgment from the first case. The court granted this motion precipitating this appeal by Aetna and Morton. After the notice of appeal was filed, Pollock filed a motion to compel and/or for sanctions against the Bank, seeking to compel the Bank to deliver a warranty deed. Pollock cross-appeals the denial of this motion.
We conclude that the Bank, by complying with the agreed order requiring conveyance of a quit-claim deed, has satisfied the obligations it owed under the second judgment. Accordingly, we hold that the trial court erroneously ordered that the bond be utilized to satisfy the prior money judgment.
Because the Bank has complied with the final judgment, Pollock’s motion to compel was properly denied.
Affirmed in part; reversed in part.